**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FREDDY ACOSTA-ZUNIGA, | Case No. 26-cv-02349-BAS-MMP |
| Petitioner, | |
| v. | **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |
| CHRISTOPHER J. LAROSE, *et al.*, | |
| Respondents. | |

Petitioner Freddy Acosta-Zuniga filed a habeas petition pursuant to 28 U.S.C. § 2241, requesting immediate release from immigration custody or a bond hearing. (ECF No. 1.)  The Government responded to the Petition, acknowledging that Petitioner is entitled to a bond hearing. (ECF No. 5.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within 14 days.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It

- 1 -

applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. ANALYSIS

Petitioner entered the United States without inspection in 2022 and has lived continuously in the United States since then. (ECF No. 1, at ¶ 1.) He has no criminal history and no prior immigration violations. (*Id.* ¶¶ 17–18.) The Department of Homeland Security ("DHS") arrested him in the interior of the United States. (*Id.* ¶ 1.) Presumably Petitioner has been denied a bond hearing in immigration court on the ground that Petitioner's detention is mandatory pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

The Central District of California certified a class of which Petitioner was initially a member. *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025). The case essentially overruled *Yajure Hurtado.* Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026). For all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

//
//
//
//
//

26cv2349

## III.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Freddy Acosta-Zuniga (A# 240-069-642) within 14 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 14 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: April 22, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv2349